IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 26-cv-04788-PAB

AGAPITO HERNANDEZ RAMIREZ,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Agapito Hernandez Ramirez's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No 1].[1] Respondent has filed a response. Docket No. 7.

## I. BACKGROUND[2]

Petitioner is a native of Guatemala who entered the United States "many years ago." Docket No. 1 at 6, ¶ 1. On May 14, 2026, Immigration and Customs Enforcement ("ICE") arrested petitioner, and on May 15, 2026, he was transferred to "local criminal custody" for a criminal charge that had been pending since August 2025. *Id.* at ¶ 3. On September 7, 2026, ICE transferred petitioner to the Aurora Detention Center in Aurora, Colorado. *Id.* at ¶ 4.

---

[1] The Court must construe the application and other papers filed by petitioner liberally because he is not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.
[2] The following facts are undisputed unless otherwise noted.

Petitioner commenced the present case on September 28, 2026. The Court liberally construes petitioner's claim(s) as contending that he is detained under 8 U.S.C. § 1226(a), not 8 U.S.C. §1225(b), and that his continued detention violates due process. *Id.* at 2, 7-9. As relief, petitioner requests immediate release from detention and, alternatively, an individualized bond hearing where the government bears the burden of proof by clear and convincing evidence that his continued detention is necessary. *Id.* at 2, 4, 9-10.

On October 8, 2026, respondent filed a response that did not address the merits of the petitioner's claim(s). Instead, the respondent stated:

> For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief. Respondent submits that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention.

Docket No. 7 at 1-2.

## II. ANALYSIS

The statutory authority to detain a noncitizen while removal proceedings are being adjudicated is found in either 8 U.S.C. §§ 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). Section 1225 mandates detention pending removal proceedings, providing that, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Unless certain exceptions are present, as provided for in §§ 1225(b)(2)(B) and (C), § 1225 "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies."

*Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025). Section 1226, on the other hand, does not mandate detention, providing that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending. 8 U.S.C. § 1226(a)(2). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

This Court has analyzed on numerous occasions whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings due to their entrance without inspection. *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *4 (D. Colo. Feb. 4, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). In each of these cases, the Court determined that the petitioner's detention was governed by § 1226. *Id.*

Similarly, the Tenth Circuit Court of Appeals has recently decided that, "[b]ased on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border." *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1240 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit held that the petitioner, who had lived in the United States for two decades, was being detained pursuant to § 1226(a) and was entitled to a

bond hearing. *Id.* at 1251 n.13. Thus, the Tenth Circuit remanded the case and directed the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him." *Id.*

Like the petitioner in *Santillan Quiroz*, the Court concludes that petitioner's detention properly falls under § 1226(a). Because there is no evidence that he has been provided a bond hearing, his current detention violates § 1226(a). Thus, the Court will grant the application. In addition, respondent states that, if the Court grants the petition, the appropriate relief in this matter would be to order petitioner's release. Docket No. 7 at 2. The Court agrees.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 19, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge